# Alaska EMPLOYMENT Law Letter

A monthly newsletter designed exclusively for Alaska employers

Thomas M. Daniel, Helena L. Hall, Editors
Perkins Coie LLP

Vol. 9, No. 11
November 2004

## PUBLIC EMPLOYERS

## School district fails costly lesson on nonretaliation

*A school district that had already lost one lawsuit to a teacher who alleged retaliation failed to learn the lesson and now has to pay again. The teacher's second lawsuit — claiming that the district retaliated against her because of the first case — hit the school district for damages and attorneys' fees totaling more than $300,000. Although this case involved public-sector employment, the recent decision by the Ninth U.S. Circuit Court of Appeals (which covers Alaska) affirming the judgment reiterates important principles applicable to all employers whose employees have engaged in some form of protected activity.*

### Lesson 1: Don't retaliate against teacher who voices her opinion

Trudi Lytle is a teacher at Marion B. Earl Elementary School in the Clark County, Nevada, School District. In 1992, she sent a letter to state senators in which she criticized a new program being implemented by the district. After she sent the letter, the district told her she was being transferred to a different school. When she refused the transfer, she was fired.

Lytle sued the district, claiming that she had been fired in retaliation for her exercise of her constitutional right to free speech. As a public employee, she was able to file a civil rights claim for that alleged deprivation of her First Amendment rights. Following a trial, the jury awarded her $135,000 in damages, and the court reinstated her employment at her former elementary school.

### Lesson 2: Don't retaliate against teacher for earlier lawsuit

Lytle's first lawsuit apparently didn't impress upon the district the importance of not retaliating against an employee who has exercised a constitutional right. Not long after her reinstatement, she came to believe that she was again being retaliated against, this time because of her having exercised her right to go to court — and win — in her initial suit against the district.

Shortly after Lytle went back to work, the district's assistant superintendent instructed the principal at Lytle's school to supply him with all disciplinary actions and related documents regarding her. Because the assistant superintendent had asked to be kept apprised of all discipline affecting Lytle, he was deemed to have been aware of and therefore to have "ratified" the actions of administrators at the school.

For example, an area superintendent reprimanded Lytle in front of her class after she had gone to another classroom to retrieve some materials. From that point on,

### What's Inside...

**Employer Retaliation**
Retaliation, reimbursement, and retribution:
not the three Rs you want to learn ........................ 2
**Military Service**
New DOL rules provide guidance on complying
with USERRA's more confusing aspects ............... 3
**Collective Bargaining**
A mandatory grievance procedure can
sometimes be an employer's best friend ................. 5
**Pregnancy/FMLA**
Is dealing with the FMLA giving you a serious
health condition? Join the crowd .......................... 6
**HR Trends**
Your employees may be blogging at their
desks — what you should know ............................ 7
**Alaska Voting**
Did you know that your employees may get
*paid* time off to vote? ............................................. 8

www.HRhero.com

Perkins Coie LLP is a member of the *Employers Counsel Network*

Exhibit 8