## AFFIDAVIT OF DOMIE EDADES

STATE OF ALASKA            )
                           ) SS.
THIRD JUDICIAL DISTRICT)

DOMIE EDADES, being first duly sworn, deposes and says:

1. I am the wife of the plaintiff, DAVID EDADES ("David"). I am employed by the defendant as an Individual Support Specialist (ISS). I am familiar with the "Plan of Care" for Hope Cottages. I am providing this affidavit on my personal knowledge, except where otherwise indicated.

2. I have read the defendant's Motion for Summary Judgment, at page 3, where it is said that David complained that his duty relating to transporting clients applied to doctors' appointments and important activities, but not out into the community. I agree with that statement, except that the defendant's Motion fails to mention that David provided the transportation as requested, notwithstanding his complaint.

3. David was responsible for two mentally disabled men in his care. I have personal knowledge that David, who is in the Philippines at this time, was very concerned that having to drive these men simultaneously and without assistance, created a very dangerous condition. This objection about safety is ignored in the Motion for Summary Judgment. The Plan of Care for the men called for 24-hour supervision; David felt that he could not really be supervising two passengers who were mentally disabled while concentrating on his driving at the same time. David felt,

and told me, that he was in the best position to understand the safety issue. David considered that he was not qualified to supervise two mentally disabled men while having to drive. It was in that sense that David thought that having to drive them in the community, without assistance, was beyond his job description.

4. The defendant mentions the "work improvement program." The program started on August 16, 2004 and was to continue for 30 days. David was terminated on September 3, 2004, two weeks after the work improvement program began, for what the defendant calls "performance errors."

A. On the question of medication storage, Policy and Procedures, Medication Procedure (see attached Bates No. HCR 0352) gives the home provider or supervisor of the residence the latitude to store medication in unlocked containers. The container used by David to store unused medications was kept high in a kitchen cabinet where the container had always been located. That arrangement was never brought up during the four years of David's employment, until the employer decided to terminate him.

B. As to "rodent feces", I know that David was concerned about this issue over a year before he was terminated, and told me so, and also told me that he reported the finding to Pam Hawkins, who told him that it was the landlord's testimony. I bought out of my own personal money a small mouse trap to allay the problem.

5. For a long time, David did not understand the overtime policy. While the defendant writes at page 6 of its motion that David did not object to Hope's withholding of sleeping time pay, the facts are otherwise. For example, David's evaluation for 2001 (HCR 0410) points out "conflicts with supervisors generally over overtime approval." That was David's first annual evaluation.

6. At page 10, the Motion for Summary Judgment sates that David was suspended in August, 2004, because he left a client in my care, while he went to the store. The document does not mention that I am and was a trained employee of HCR. The employer approved an arrangement, in fact, in which I was designated as David's relief HAC in case of David's absence and in emergency cases. (On the occasion in question, David was gone for just ten minutes, to get a soda at a nearby store for one of the clients who was hitting himself but was unable to talk. In such instances, we provided a soda to the client, but on this particular day, there was no soda available).

DATED at Anchorage, Alaska, this 28th day of July, 2006.

_____
DOMIE EDADES

SUBSCRIBED and sworn to before me, a Notary Public in and for Alaska, this 28th day of July, 2006.



_____
My commission expires: 1-15-2010

Affidavit of Domie Edades                3